## GRIMMETT v. ASKEW.

1. BOARD OF SUPERVISORS: *Had no power to appoint adjourned term.*
   Under the act of 1873, creating the board of supervisors, the sessions of the board were limited to six days, and it had no power to adjourn its sessions to another day beyond the six days; and all its proceedings at such adjourned terms were *coram non judice* and void.

2. JURISDICTION: *Want of, is always a defense.*
   Want of jurisdiction may always be pleaded to a judgment when sought to be enforced, or when any benefit is claimed under it.

3. SAME: *By consent.*
   Consent cannot confer jurisdiction of the subject matter of an action; but when the court has jurisdiction, consent will give jurisdiction of the person.

APPEAL from *Columbia* Circuit Court.
Hon. O. D. SCOTT, Special Judge.

*Jones & Martin* for appellant.

The act authorizing county courts to call in scrip for the purposes contemplated by the order of March 8, 1873, is constitutional. *25 Ark., 261; 37 ib., 649; 33 ib., 788.*

Askew waived any want of compliance with the requirements of the statute in the matter of notice, etc., by presenting his scrip. *33 Ark., 744.* If the appellee was not satisfied with the order rejecting his scrip, he should have appealed. *39 Ark., 485.*

The board of supervisors were the legitimate successor of the county court, with same jurisdiction, etc. *Acts 1873, sec, 15, p. 58.*

*Smoote, McRea & Hinton,* for appellee.

The order rejecting the scrip was not made at any court held by the board of supervisors. They were no court at

Grimmett v. Askew.

all.  They were only authorized "to continue six days."
*Gantt's Dig., sec. 589.*   There is no provision for holding
an adjourned term, but the president might call a special
session in the mode provided for. *Ib., sec. 590.*

The order rejecting the scrip was not made by a legally
constituted court, it was *coram non judice* and void. *2
Ark., 229; 20 Ark., 77; 27 Ib., 349.*

Courts cannot be held except at a time prescribed by
law.

Hon. BEN T. DUVAL, Special Judge.   The plaintiff, As-
kew, in March, 1882, brought this action for mandamus
to compel the collector of Columbia county to receive cer-
tain scrip issued in 1864, in payment of taxes for 1881.

The court below sustained a demurrer to the answer
and rendered judgment in favor of the plaintiff, and de-
fendant appealed to this court.

The appellant relies upon but one ground for reversal,
that is:   Whether the facts stated in the second paragraph
of the defendant's answer constitute a defense?   They are
that at a regular term of the Columbia circuit court, held on
the 8th day of March, 1873, all the outstanding indebted-
ness of said county was called in for re-issuance.   That at
the adjourned June term of said court, the plaintiff pre-
sented the identical scrip described in his complaint to the
court, and it was declared to be void.

Copies of the several orders of the court are annexed
to and made a part of the answer.

An agreed statement of facts was reduced to writing
and signed by the parties, which was filed and prayed to
be taken, not only as evidence, but as amendments to the
complaint and answer.   The plaintiff then demurred in
short upon the record by consent to each and every para-
graph and defense in the answer.

The court sustained the demurrer, and the defendant declined to amend. The court proceeded to render judgment in favor of the plaintiff in conformity with the prayer of the complaint.

We would remark, *en passant*, that the amendment of pleadings by agreed statement of facts appears to be novel. No question, however, on that point is raised before us, and we do not feel called upon to pass upon it. The exhibits referred to in the answer and annexed to it, show that the original order calling in the scrip was made by the county court, and that the board of supervisors was afterwards created by the act of the general assembly of the state of Arkansas to supersede said county court.

That, in pursuance of said act, the supervisors of Columbia county met on the first Monday in May, 1873, elected one of their number president, and on the same day adjourned over until the 9th day of June.

That, on the 11th day of June, the plaintiff presented for re-issue, the scrip in question, and the same was rejected because it had been issued by a pretended county court, acting under the authority of the Confederate States government. There is no question, if this order was made by a legally constituted court, the scrip was barred, and the refusal of the sheriff and collector to receive it from the plaintiff, in payment of his taxes, was correct.

By section 3, act of April, 1873, it is enacted that "the board of supervisors shall assemble at the court house in their respective counties on the first Monday in May, 1873, and being so assembled, shall severally take and subscribe to the oath of office ordered by the constitution of the state."

Section 8 declares that: The regular session of the board of supervisors shall commence on the first Monday

in January, April, July and October, in each year, and shall continue six days, if business shall so long require, and no longer, *provided* " the president of the board may call a special session thereof, whenever in his judgment it may be necessary, upon his giving five days' notice of said session by advertisements posted at the door of the court house of his county, and causing a copy thereof to be delivered to, or left at the residence of, each member of said board."

These are all the provisions in the act in regard to the meetings of the board—they are denominated regular and special meetings.

Could the board of supervisors adjourn the meetings to another day beyond the six alloted them?

In *Dunn v. State, 2 Ark.*, *229*, this court upon the authority of *Mechanics' Bank v. Withers, 6 Wheaton, 106*, held that " all courts, unless restrained by some statutory provision, have the right of adjourning their sittings to a distant day, and the proceedings at the adjourned session will be considered as the proceedings of the term so adjourned."

In that case the only question before the court was, whether the adjournment was a continuation of the term, or constituted a distinct term.

Chief Justice Marshall, delivering the opinion of the court, said: " There being nothing in any act of congress which prevents the courts of the District of Columbia from exercising a power common to all courts, that of adjourning to a distant day," held that the proceedings of the adjourned term were a continuation of the proceedings of the regular term.

The limitation of the regular session of the board of supervisors to six days and no longer—with the power vested in the president to call special sessions, whenever

in his judgment it might be necessary, was in our opinion intended to be a restraint upon the inherent power of courts to adjourn their sittings to a distant day, and continue the proceedings of the term thereby.

If the board could have so adjourned over, and held adjourned terms, the limitation of the number of days allowed for its regular meetings would have been avoided.

The plaintiff's scrip was presented at the adjourned meeting of the board and declared to be void, as stated in the answer. We have nothing to do with the reasons which influenced the action of the board of supervisors.

The agreed statement of facts taken as amendments to the pleadings, however, establishes that the scrip was not issued in aid of the Confederacy, and was therefore binding on the county. *Howell v. Hogins, 37 Ark., 110; Berry v. Bellows, 30 Ark., 198; Daniel v. Askew, 36 Ark., 487.*

Was the order made by a lawfully constituted court?

The holding of a court at a time or place other than that prescribed or authorized by law, and all proceedings thereunder, are *coram non judice* and void. *Dunn v. State, ubi supra; Brumly v. State, 20 Ark., 77; Jones, ex parte, 27 Ark., 349.*

1. Board of Supervisors could not appoint adjourned terms.

The board of supervisors was purely a creature of the legislature and could only exercise such powers as were conferred upon it by the act giving it existence.

It may be naturally presumed that the general assembly in limiting its regular session to six days, and no longer, with the proviso that special sessions might be called by the president, intended to restrict the inherent power of courts to adjourn their sittings to a distant day and continue its proceedings.

When the legislature creates a tribunal with special powers, and imposes special limitations upon their exer-

cise, they must be strictly pursued. *Hudson v. Jefferson County, 28 Ark., 359.*

Under authorities cited above, we must hold that the proceedings of the board of supervisors of Columbia county, relied upon by the appellant, were *coram non judice* and void, because the board had no power to adjourn its ses-sions beyond the six days to which its sessions were limited by law.

2. Want of jurisdiction always a defense.
This is decisive of this case. But some stress is laid upon the appearance of the appellee before the board of supervisors at the adjourned term and the presentation of his scrip to it.

It is not necessary to cite authority to show that this would not confer jurisdiction upon the board, nor validate its proceedings.

The jurisdiction of a court over the subject matter is derived from the constitution and laws, and not from consent of parties, and courts to be legal must be held at the time and place provided by law as above.

The principle that a judgment cannot be impeached collaterally is not applicable to a case like this.

The want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced, or where any benefit is claimed under it. *Latham v. Edgerton, 9 Cowen, 227; Borden v. Fitch, 15 John., 141; Mills v. Martin, 19 John., 33.*

3. Same: By consent
When the court has jurisdiction of the subject matter, or cause of action, consent may confer jurisdiction of the person. *McCormick v. Pacific Central R. R. Co., 49 N. Y., 309.*

There were irregularities in the order and notice which might have rendered the action of the board invalid, but they were waived by the appearance of the appellee, and

the presentation of his scrip. *Allen v. Bankston, 33 Ark., 740*.

The appellant raised a question here as to the tender—this ought to have been raised in the court below. If it were material, we think it was waived by the parties in their agreed statement of facts, which was at their request taken and treated as an amendment to the pleadings. The tender was good. *Howell v. Hogins, 37 Ark., 110.*

Let the decree of the court be affirmed.

Hon. B. B. BATTLE did not sit in this case.