## SHAVER *v*. SHARP COUNTY.

### Opinion delivered February 15, 1896.

COUNTY TREASURER—COMMISSIONS.—A county treasurer who succeeds himself is entitled to commissions on funds carried over from one term to another, although he had received commissions thereon during his first term.

APPEAL—QUESTION NOT RAISED BELOW.—The defense of the statute of limitations will not be considered on appeal if it was not raised in the court below.

SETTLEMENT OF TREASURER—ESTOPPEL.—A county treasurer is not estopped to claim commissions because of his failure to include them in his settlement at the end of his term, as his right to them was not in issue.

COUNTY TREASURER—PAYMENT OF COMMISSIONS.—The commissions of a county treasurer are payable in kind out of the particular funds.

Appeal from Sharp Circuit court.

JOHN B. McCALEB, Judge.

Shaver, late treasurer of Sharp county, presented to the county court of that county his claim for certain commissions alleged to be due him on funds carried over by him from a previous term, and omitted from his last settlement with the county. The claim was disallowed in the county court. Upon appeal, the circuit court likewise disallowed the claim, and declared "that a county treasurer who succeeds himself three times would not be entitled to charge two per cent. commission on funds coming into his hands, as his own successor, when he had charged said commission on said fund during his former term, and when he had failed to make settlement with the county court at the end of each of his said terms, and had made full settlement with said court at the end of his last term of office, and had made no claim to said commission." Plaintiff has appealed.

*C. W. Shaver*, the appellant, *pro se*.

1.  A county treasurer who succeeds himself is entitled to commission on funds carried over from a former to a succeeding term. He is, to all intents and purposes, a new officer, gives a new bond, and assumes a new responsibility. Mansf. Dig. sec. 3254–5; 41 Ark. 404.

2.  A county treasurer is not bound to make a settlement with the county court at the close of each of his terms of office, unless required by the court, but is only required to make annual settlements. Sand. & H. Dig. sec. 1199.

3.  The fact that he made full settlement at the close of his last term, and made no claim to said commission, is no bar. The matter of his commissions was not adjudicated. 1 Am. & Eng. Enc. Law, p. 109.

*E. B. Kinsworthy*, Attorney General, and *Sam H. Davidson*, for appellee.

1.  The law provides that the county treasurer shall be paid out of the respective funds received into his hands *each year*. Sand. & H. Dig. sec. 3324–5.

2.  The treasurer is barred by laches, and the limitation of three years. Sand. & H. Dig. sec. 4822. No formal plea is required in the county court. 32 S. W. 116.

HUGHES, J. It was agreed by counsel in this case that the point in issue is: "Is a county treasurer who succeeds himself entitled to commission on funds carried over from one term to another, when he had received commission on said funds during his former term?"

It is held in *Lawrence County* v. *Hudson*, 41 Ark. 494, that a county treasurer is entitled, under the statute, to commissions on school funds received from the former treasurer, the court saying: "There is no reason in compelling the treasurer to give bond, and assume the custody of funds already collected, under a grave responsi-

bility, and confining him to the receipts which come in during his term of office for his compensation.  We can see no difference between a treasurer who succeeds himself and a treasurer who succeeds another person as treasurer.  One who succeeds himself as treasurer is required to take the oath of office, and to give bond on entering upon his second term, precisely as he did in entering upon his first term.  He is the same person in both terms, it is true, but his terms of office are not the same; they are separate and distinct terms, as much so as where two terms are filled by different persons.

*Question not raised below.*  It is insisted by counsel for the county that the appellant's demand was barred by the statute of limitations.  But this question was not raised below, and will not be considered here.  It is true, as counsel contends, that no formal pleadings are required in the county court, but the statute of limitations was not pleaded orally, or in any manner in the circuit court.

*When treasurer not estopped to claim commissions.*  The fact that the treasurer made settlements at the end of his last term, and did not include these commissions in his settlement, does not conclude him, as his right to them was not in issue and was not adjudicated in any settlement.  "That which has not been tried cannot have been adjudicated. * * * * That which is not within the scope of the issues presented cannot be concluded by the judgment."  Woerner, Administration, sec. 570, and cases cited, n. 3; Wells, Res. Adj. p. 8, sec. 14; *King* v. *Chase*, 15 N. H. 15; Wells, Res. Adj. sec. 371.

We are of the opinion that the court erred in refusing the instructions asked by the appellant, and in giving those for the appellee.

*Fees payable in kind.*  The fees of the treasurer are payable in kind, of course, out of the particular funds.

For the error indicated, the judgment is reversed, and the cause is remanded for a new trial.

As the fees of the appellant, as county treasurer, in this case accrued, and the cause was tried in the circuit court, before the passage of the act approved March 12, 1895, the questions involved here are not affected by that act, which establishes a different rule, so far, at least, as the commissions of county treasurers on school funds are concerned.