### DOBBS *v.* TOWN OF GILLETT.

#### Opinion delivered June 21, 1915.

1. EMINENT DOMAIN—PROPERTY TAKEN WITHOUT CONDEMNATION—REMEDY OF LAND OWNER.—Where a municipal corporation possesses the right to take property by eminent domain, and does take property which might have been condemned by an exercise of that power, the remedy of the land owner is to sue for damages at law, and is not to seek mandatory process to compel withdrawal.

2. TITLE—EQUITABLE OWNERSHIP—DEFENSE OF POSSESSION.—The owner of an equitable title can not maintain ejectment, but he may defend his own possession under such title.

3. EQUITY JURISDICTION—CONDEMNATION OF LAND—INJUNCTION—DAMAGES.—Where a land owner sought to restrain the maintenance of a drainage ditch across his land, a finding by the chancery court, that he could not restrain the same, was proper, but his remedy for damages for the taking of his property, can not properly be shut off by the decree in that action, where the matter of damages was not there in issue.

4. MUNICIPAL CORPORATIONS—DRAINAGE OF STREETS.—The right of municipal corporation to construct a drainage system for the city, can not be abridged because water is thrown thereby upon one of its streets as a consequence; the fact that the city has not discharged its duty to drain one street, does not prevent the improvement of other streets and public places.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; modified and affirmed.

*John W. Moncrief,* for appellants.

1. The only ditch involved in this case is the "new ditch," as it is called. Since this suit was filed, Dobbs has acquired title to the land on which the "old ditch" was constructed. The decree takes away from him lands which

belong to him without any compensation. The error is prejudicial. 103 Ark. 312-315. No condemnation proceedings were ever instituted. Dobbs' title is complete, but, if not, his actual possession under an enclosure is notice to the world of an equitable title. 33 Ark. 119; 41 *Id.* 169; 91 Va. 397; 39 Neb. 741; 23 N. E. 1110; 80 S. W. 842.

2. Injunction was the proper remedy. 79 N. E. 27-32; 9 Am. & Eng. Enc. Law (2 ed.), 37, 38.

*Botts & O'Daniel,* for appellees.

1. Petitioners had no title at the time the suit was filed. 36 Ark. 456; 65 *Id.* 610; 107 *Id.* 374; 72 *Id.* 498; 111 *Id.* 606; 83 *Id.* 74.

2. The town had authority to exercise the right of eminent domain. Kirby's Digest, § § 2906, 5456-8.

3. Plaintiffs remedy was exclusively at law for damages. 51 Ark. 235-251; 84 *Id.* 366; 31 *Id.* 506; 45 *Id.* 252; 69 *Id.* 104; 79 *Id.* 154; 80 *Id.* 503; 107 *Id.* 449.

McCULLOCH, C. J. The plaintiff, W. W. Dobbs, and others, are the owners of real property in the incorporated town of Gillett, and instituted this action against the municipality to restrain the latter in maintaining a ditch constructed across lands claimed to be owned by plaintiff Dobbs. Dobbs seeks relief on the ground that the ditch was constructed over his lands, but the ground for relief asserted by the other plaintiffs is that the water is diverted through this ditch from its natural drain-way and cast upon Park Avenue, one of the streets of the town, which is thus overflowed on to the adjoining lots of these plaintiffs. The chancellor denied the relief prayed for by each of the plaintiffs, and they have appealed to this court. The relief sought by the plaintiffs being upon separate grounds, it is proper to discuss the issues separately, though the parties joined in one action.

(1) Plaintiff Dobbs owns a block of ground fronting west on Sixth Street and north on Park Avenue. He also owns a strip on the west side of Sixth Street, over which, he contends, the ditch was constructed. The controversy between him and the town arises as to his ownership and possession of that strip, or, rather, as to the width of it.

He contends that he owns up to the line of what is called the Thomas Addition, which constitutes a strip 170 feet wide running north and south between Sixth Street and the line of the Thomas Addition. The contention of the defendant is that Dobbs owns only 140 feet of the strip, and that the ditch is not constructed along his part of it. Dobbs purchased from one Leslie, and it is conceded that the description in the original deed did not cover the thirty feet involved in this controversy. He was in possession of it, and had it under fence, however, when the ditch was dug, and the evidence on his part tended to show that when he purchased from Leslie the agreement was that he was to have up to the line of the Thomas Addition. After the commencement of this suit, Leslie executed to Dobbs another deed, correcting the description so as to vest the legal title in Dobbs to the whole of the land in controversy. The evidence is sufficient to show, in other words, that at the time the ditch was constructed, Dobbs was in possession of the disputed strip under an equitable title, and that he acquired the legal title since the commencement of the action. The evidence is also undisputed that when the town authorities went there to open the ditch, Dobbs and his wife consented to the construction of the ditch on condition that it should be afterward determined whether or not they owned the land. Pursuant to that understanding, they withdrew their fence, which enclosed this strip. They consented to the construction of the ditch, but not unconditionally so as to cut off their right to claim compensation for the taking of the property. Now, the right of the city to condemn the property of the plaintiff Dobbs is clearly granted by the statutes of the State. Kirby's Digest, section 2906. In addition to that, the plaintiffs consented to the taking of the property for that purpose, and even though that consent was conditional, they have no right to withdraw it so as to force the town to discontinue the maintenance of the ditch. It has been decided by this court in many cases that where the right of eminent domain exists, and property is taken which might be condemned by the exercise

of that power, the remedy is to sue for damages, and not to seek mandatory process to compel withdrawal. This doctrine is announced in railroad cases, but the principle is the same with respect to municipal corporations which have the right to condemn for public use, but have taken the property without proceeding regularly by condemnation. We have held in those cases that the remedy is at law to recover damages which might have been assessed in condemnation proceedings. *Organ* v. *Memphis & Little Rock Railroad Co.,* 51 Ark. 235. The chancery court was correct, therefore, in refusing to grant equitable relief to Dobbs, for his remedy at law is adequate and complete.

(2-3) The court went further, however, than it was necessary to go, and decided that Dobbs had no title which would justify him in objecting to the construction of the ditch. We think the proof tended to show that Dobbs had the equitable title, and was in possession of the property, and that the proof was sufficient to establish that fact. The owner of an equitable title can not maintain ejectment, but can defend his possession under such title. If he has any remedy for the recovery of damages for the wrongful taking of his property, that relief should not be cut off by the decision in this case. He did not ask for such relief, and the facts stated in the complaint do not show the extent to which he has sustained injury, if at all. Therefore, it was not the duty of the court to transfer the cause so as to enable him to pursue his remedy at law. He was insisting upon relief which could only be granted in equity, and therefore the court properly heard the cause upon its merits and decided it against him. But the decree was broader than was necessary in settling the rights of the parties so far as concerns the equitable relief sought in the complaint, and it will be modified so as not to operate to the prejudice of the plaintiff Dobbs in the assertion of whatever remedy that may be open to him at law.

Now, as to the relief of plaintiff Wallace and others: They owned property fronting on Park Avenue, and allege in their complaint that the municipality has, in the

construction of this ditch, wrongfully gathered up surface water, diverted it from its natural course, and cast it upon Park Avenue, causing that street to be flooded and the surface water to be forced over on the property of the plaintiffs. The proof shows that there is a drainway running in a northwesterly course across the northeast corner of the Thomas Addition, and crossing Park Avenue west of the property of the plaintiff Wallace. There is a controversy as to whether that was a natural or an artificial drainway, but we think according to the preponderance of the evidence it was artificial. At any rate, the town, several years ago, caused a ditch to be dug from the point south of the Thomas Addition running almost due north to connect with the drainway running across the Thomas Addition. That is referred to as the old ditch, and there is no controversy about the maintenance of that as a drainway. The ditch in controversy was constructed from the point where the old ditch runs into the drainway which crosses the Thomas Addition and runs due north from that point to Park Avenue. The Thomas ditch has been dammed up, and all of the water now finds its way through the new ditch, which is involved in this controversy. There is some evidence tending to show that the water carried to Park Avenue puts that highway in a bad condition for travel, but the testimony is conflicting on that point as to whether any real damage is done to the highway. There is no proof in the record, so far as abstracted, that the lands of the plaintiffs are damaged in any way, and if they are entitled to any relief at all, it must be solely upon the ground of the damage done to Park Avenue.

(4)   There is also a controversy as to whether the natural drainway of the lands north of the old ditch is through the Thomas land or whether it is along the course of this ditch. We can not say that the preponderance of the testimony shows that the natural drainway was over the Thomas Addition. The chancellor, we assume, found that the new ditch was dug along the natural drainway, and the evidence does not preponderate against that find-

ing. The municipality had the right to dig the drainway, and it can not be prevented from constructing that improvement merely because an additional quantity of water is cast upon Park Avenue. It becomes the duty of the municipality to take care of all of its public streets and to properly drain them. The fact that it has not discharged that duty with respect to one of the streets does not prevent the improvement of other streets and public places. The proof shows that it was necessary to construct this ditch in order to carry off stagnant water, and if Park Avenue was damaged as a highway by reason of the fact that more water was cast upon it than would readily drain off, it was the duty of the municipality to provide some method of draining it, but the remedy of the adjoining property owners was not to prevent the first improvement, but to seek through proper channels to have the municipality exercise its duty with respect to improvement of Park Avenue. That was a matter within the power of the town council, and that is the tribunal where affirmative relief must be sought, so far as the improvement of the public street is concerned.

There is some conflict in the authorities as to what the rights of these plaintiffs' would be if the facts were that surface water was gathered up and forced through unnatural channels, and cast upon the street, and thence upon their land. Such is not the state of the case that we have here, for the proof shows that the water was not diverted from a natural drainway, nor does it show that the property of the plaintiffs was injured thereby.

The decree of the chancery court is therefore affirmed with the modification indicated above with respect to the rights of the plaintiff Dobbs.