HALL v. BUSH, RECEIVER ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered April 23, 1917.

ESTOPPEL—APPROPRIATION OF PROPERTY—FAILURE TO OBJECT—REMEDY. —Although one may arrest the first step toward the appropriation of his property until compensation is made, he does not forfeit his right to compensation because he takes no action until the appropriation has actually been made; but, if he stands by and fails to exercise the precedent right of being compensated for his property before it is taken, he can thereafter only have compensation for his damages.

Appeal from Garland Chancery Court; *Jethro P. Henderson,* Chancellor; affirmed.

*Davies & Davies,* for appellants.

1. Injunction is the proper remedy and will lie in this case. The evil is a continuing one and the acts of the railroad in closing the streets both a public and a private nuisance. 77 Ark. 221. The ordinances granting the power to close up the streets were void. A suit at law for damages is not an adequate remedy. 80 Ark. 489; 85 *Id.* 520; 91 *Id.* 350; 58 *Id.* 142; 24 *Id.* 102; 51 *Id.* 491; 68 *Id.* 62; 103 *Id.* 326. This is a plain case for equitable intervention. 66 Ark. 40; 35 *Id.* 497.

2. The decision of the Railroad Commission settled nothing.

*E. B. Kinsworthy* and *W. R. Donham,* for appellees.

1. Defendants can not be compelled to open the streets. The only remedy is a suit at law for damages, if any. 45 Ark. 429; Kirby's Digest, § § 2939, 2960; 35

Ark. 497; 66 *Id.* 40; 50 *Id.* 466; 40 *Id.* 83; 14 A. & E. Ann. Cases, 27; Kirby's Dig., § 5648; 3 Elliott Cont., § 2487, etc.

2. Appellants are estopped. 67 Ark. 84; 74 *Id.* 126; 103 *Id.* 326; 65 *Id.* 410; 119 *Id.* 239; 77 *Id.* 221; 89 *Id.* 175; 51 *Id.* 500.

3. The injunction was properly refused and appellants remitted to their remedy at law, or petition to the Railroad Commission. 76 Am. Dec. 265; 84 Ark. 364; 51 *Id.* 235, 264; 69 *Id.* 104; 40 *Id.* 83; 85 *Id.* 12; 97 *Id.* 473; 99 *Id.* 1; 113 *Id.* 384; 119 *Id.* 239; 85 *Id.* 12, etc.

4. The action of the Railroad Commission is binding on plaintiffs.

SMITH, J. Appellants sought, by injunction, to compel the appellee railway company to open certain streets in the city of Hot Springs at the junction of Valley Creek, Elm Creek and Olive streets, upon which the property of appellants abutted. It was alleged in the complaint, which appellants filed, that on July 7, 1914, the city of Hot Springs had passed an ordinance granting to the railway company a right-of-way over certain streets, and closing portions of these streets to public travel; that, pursuant to this ordinance, and without condemnation proceedings, the railway company had taken possession of the portions of the street mentioned in the ordinance, and had erected depots, fences, sheds, tracks, embankments, and other permanent structures in said streets, and had torn out a bridge which had been used as a public crossing, thereby damaging the property of appellants by rendering it less accessible and inflicting upon them a damage not sustained by the public in common with themselves.

The answer contained a general denial of the allegations of the complaint, and specifically alleged, by way of defense, that appellants had stood idly by while the railway company built its depot and laid its tracks, wherefore they should not now be heard to ask the relief prayed, and that a complete remedy at law existed to

compensate any damages sustained by appellants which had not been sustained in common with the public. It was further alleged that the city council had passed ordinances in 1894 and in 1899, granting the right to use these streets to another railroad company, the predecessor of the appellee railway company, and had passed the ordinance of July 7, 1914, "granting said streets to defendant railway company and vacating same." As a further defense, it was alleged that, upon a petition filed for that purpose, the Railroad Commission had, in August, 1915, refused to grant the prayer of the petition that the street crossings in question be opened.

Considerable testimony was taken, and the learned chancellor prepared an elaborate opinion, containing numerous findings of fact, and, among other findings, that the railway company had made extensive and expensive improvements, of a permanent nature, which were necessary for the safety and dispatch of the company's business.

It is earnestly insisted by the railway company that appellants have not sufficient title to maintain this suit, and that they have not sustained any special damages for which they are entitled to sue; but the record contains the following agreement in regard to damages: "It is agreed that any finding that the court may make with reference to damage to the plaintiffs shall not be binding upon the defendants in future litigation with reference to same; it being agreed that the question of damage shall remain in abeyance to be passed on in the future; it being understood that the question of damages may be settled independently of the finding of the court as to the right or wrong of the company in erecting the structures in the street; in other words the defendants do not agree that plaintiffs, or any of them, are damaged; but it is understood that the witness (W. H. Hall) has testified that all of the plaintiffs have received some damage from the acts complained of."

We will consider, therefore, only the question of appellants' right to the relief prayed in the court below.

The chancellor denied the relief prayed upon two grounds. The first was that appellants were remitted to their action for damages. And the second was that the action of the Railroad Commission, in failing to grant the relief prayed, is decisive against the right of relief by injunction.

We will not stop to consider the correctness of the court's action in denying injunctive relief insofar as that action is predicated upon the finding of the Railroad Commission and its refusal to grant the relief prayed.

We agree with the chancellor in his finding on the first ground, and base our decision, in affirming his decree, upon that ground alone.

The court found that three separate ordinances had been passed by the city council in regard to the streets in question. The first ordinance was passed in 1894; the second in 1899; and the third in 1914. That these ordinances granted to the railway company, and its predecessor, the right to the use of the streets for railroad purposes, and the rights so granted were immediately used, and that depots, shed, tracks, and other improvements, of an expensive and permanent nature, had been erected, and that, under the ordinance of 1914, the grade line of the railroad tracks had been changed and three new tracks had been laid, and a new depot built, in the year 1915, during all of which time appellants took no action, except to correspond with the railway company in regard to a claim for damages, until the filing of this suit on March 1, 1916.

Under the facts stated, we must hold that appellants are remitted to their suit at law for damages to compensate any injury sustained by them. Although one may arrest the first step toward the appropriation of his property until compensation is made, he does not forfeit his right to compensation because he takes no action until the appropriation has actually been made. But, if he

stands by and fails to exercise the precedent right of being compensated for his property before it is taken, he can thereafter only have compensation for his damages. Such is the effect of the decisions of this court in the cases of *Organ* v. *Memphis & L. R. Rd. Co.,* 51 Ark. 235; *Reichert* v. *St. Louis & S. F. Ry. Co.,* 51 Ark. 491; *Ashley* v. *Little Rock,* 56 Ark. 370; *Beebe* v. *Little Rock,* 68 Ark. 62; *McKennon* v. *St. Louis, I. M. & S. Ry. Co.,* 69 Ark. 104; *Warren & Ouachita Valley R. Co.* v. *Garrison,* 74 Ark. 136; *Ark., La., & G. R. Co.* v. *Kennedy,* 84 Ark. 364; *Union Sawmill Co.* v. *Felsenthal L. & T. Co.,* 87 Ark. 117; *Cook* v. *St. Louis, I. M. & S. Ry. Co.,* 103 Ark. 326; *Dobbs* v. *Town of Gillett,* 119 Ark. 398; see also Lewis on Eminent Domain (3 ed.), § 929, and cases there cited.

It follows, therefore, that the decree of the court below must be affirmed.