ADAMS v. SUBDRAINAGE DISTRICT No. 3, ETC.

Opinion delivered October 4, 1926.

1. DRAINS—JURISDICTION OF COUNTY COURTS OVER ASSESSMENTS.—
   Since the county court of the Osceola District of Mississippi County has jurisdiction to organize a drainage district situated in both the Osceola and Chickasawba districts, it likewise has jurisdiction over the matter of assessments on all lands in the district, whether situated in the Osceola or the Chickasawba district.

2. CERTIORARI—SCOPE OF REMEDY.—Certiorari cannot be used as a substitute for appeal.

Appeal from Mississippi Circuit Court, Osceola District; *G. E. Keck,* Judge; affirmed.

*Davis & Costen,* for appellant.

*J. T. Coston,* for appellee.

McCULLOCH, C. J.   The district involved in this controversy comprises lands in Mississippi County, situated both in the Osceola District and the Chickasawba District. It was organized by order of the county court of the Osceola District, and all the proceedings have been had in that court.   The validity of the district and the proceedings thereunder have been under review by this court in two other cases. *Mahan* v. *Wilson,* 169 Ark. 117, 273 S. W. 383; *Hudson* v. *Simonson,* 170 Ark. 243, 279 S. W. 780.

After the adoption of plans, the assessment of benefits was completed and filed in the county court, and notice was given to property owners.   The county court made an order changing the plans by striking therefrom several of the lateral ditches, and the assessments were adjusted and approved by the court.   The assessments on some of the lands, including lands of appellants, were materially reduced, presumably on account of the exclusion of laterals.   No appeal was prosecuted from the order of the county court with respect to change in plans or to the adjustment of assessments, but appellant, who separately owned lands in the Chickasawba District, brought the proceedings up for review by the circuit court on certiorari, and, on hearing the cause in the circuit court, a judgment was rendered quashing that part of the order of the county court which changed the plans by striking out laterals, but refusing to quash the order with respect to the adjustment of the assessments.   At the hearing in the circuit court, appellees (the subdrainage district itself and the commissioners) conceded that that part of the order of the county court which sought to change the plans was without jurisdiction and void, and there was no contest in the circuit court on that question.   Appellants have prosecuted their appeal to this court for a review of the circuit court's judgment in refusing to quash the assessments.

It is also contended, in the first place, that the whole proceedings with respect to the assessment of benefits in the county court at Osceola on lands in the Chickasawba District were void—that the Osceola court had no jurisdiction over lands in the Chickasawba District. That contention, however, has been settled against appellant by the decision of this court in *Mahan* v. *Wilson, supra.* It is true that the decision in that case related to the jurisdiction of the Osceola court to organize the district, but it necessarily follows that, if the Osceola court possessed jurisdiction for that purpose, it also had jurisdiction over the matter of the assessments on all the lands in the district, whether situated in the Osceola District or the Chickasawba District.

The principal contention is that the circuit court erred in refusing to quash the whole of the order of the county court with respect to the assessment of benefits as well as to the change in the plans. Counsel for appellant invoke the rule announced by some of the courts that, on review by certiorari, "where the several parts of the proceedings are so connected and dependent on each other that one part cannot be quashed without leaving the other incomplete or more extensive than it should be, the whole of the proceedings in all its separate parts must be set aside." 11 C. J. 210. The answer to this contention is that, in this instance, the separate orders of the county court are not necessarily interdependent one upon the other, with respect to their validity and correctness. The two orders might not, according to the facts presented to the county court, have been so connected and dependent upon each other that they stood or fell together. But, in these proceedings, the facts upon which the order of the county court is based are not before us and we are not at liberty to consider them. Certiorari cannot be used as a substitute for appeal (*Hudson* v. *Simonson, supra*), and the orders are not brought up on appeal for correction of error. If it had been desired that the court's order upon the facts adduced be reviewed, the remedy

was by appeal to the circuit court, so that any error in the different parts of the proceedings could be corrected.

The circuit court did not err in refusing to quash the assessment list, and the judgment of that court is therefore affirmed.