SOUTHERN LUMBER COMPANY *v.* AXLEY.

4-2956

Opinion delivered April 17, 1933.

Aubert Martin and Williamson & Williamson, for appellant.

Clary & Ball, D. L. Purkins. and J. R. Wilson, for appellee.

HUMPHREYS, J. This is a second appearance of this case in the Supreme Court. It was brought up the first time on writ of certiorari for the purpose of testing the validity of the findings, orders and decree rendered in a slander suit by the chancery court of Bradley County, wherein O. O. Axley was the plaintiff and the Southern Lumber Company was defendant. The suit was originally brought in the circuit court of Bradley County by O. O. Axley against the Southern Lumber Company to recover damages for slander, to which an answer and cross-complaint were filed, incorporating a motion to transfer the cause to the chancery court, which was done, over the objection and exception of the plaintiff, O. O. Axley. After the cause was transferred, the plaintiff filed a motion to remand same, which was overruled over his objection and exception, and, over his exception, he was forced to try the case, which resulted in a dismissal of the complaint as well as the cross-complaint.

In the certiorari proceeding, under the style of *Axley v. Hammock*, 185 Ark. 939, 50 S. W. (2d) 608, it was ruled that the suit was improperly transferred to the chancery court, and that the findings, orders and decree rendered

and entered therein were void because the chancery court had no jurisdiction over the subject-matter involved. Accordingly, the findings, orders and decree of the chancery court were reversed, and the chancery court was directed to remand the cause to the circuit court.

Upon the remand of the cause, the appellant herein requested the chancery court, in remanding the cause to the circuit court, to enjoin appellee herein from proceeding with his slander suit because the chancery court in the course of the proceedings therein found that he had estopped himself from doing so by a settlement of the cause of action. The chancery court properly denied appellant's request for a mandatory injunction for the reason that, under the ruling of this court, the chancery court acquired no jurisdiction over the subject-matter of the action by reason of the alleged defenses interposed thereto in its cross-complaint. All of the findings and orders of the chancery court, as well as the decree, were nullities because chancery courts have no jurisdiction of slander suits and defenses thereto in this State. Circuit courts alone have jurisdiction in this State to try actions for slander and all defenses thereto.

For the reasons aforesaid, this appeal of the Southern Lumber Company is dismissed and all the orders, findings and determinations of the Bradley County Chancery Court, had and done in this case, are hereby quashed and vacated.