HENDRICKS v. HENSON.

4-4260

Opinion delivered April 6, 1936.

*James Seaborn Holt,* for appellant.
*Robert D. Scott,* for appellee.

BUTLER, J. In August, 1929, J. L. Henson, now deceased, executed his promissory note in favor of L. H

Saiewitz in the sum of $1,500 with interest at 8 per cent., due one year after date. To secure this note Henson and his wife executed a mortgage on certain real property in the city of Fort Smith.

In December, 1931, Saiewitz died and A. L. Hendricks was appointed administrator of his estate. At the time of the death of Saiewitz the mortgage and note were in the possession of Henson, but the mortgage had not been satisfied of record. On the first day of February, 1933, Henson filed a petition in the probate court of the Fort Smith District of Sebastian County reciting the execution of the note and mortgage, alleging that the indebtedness had been paid and praying that the court order the administrator to satisfy the mortgage of record and file a proper release deed. Hendricks, as administrator, filed a response, denying that payment had been made and praying that the petition of Henson be dismissed. A hearing was had on the issues joined, and the court found in favor of the respondent, and dismissed the petition of Henson.

On July 22, 1935, the appellant, as administrator, filed suit in the Sebastian Chancery Court for judgment on the note executed by Henson to his intestate, and for foreclosure of the mortgage. In the meantime, J. L. Henson died, and suit was brought against W. C. Henson, administrator of his estate, who defended on the ground that the note had been paid. To the defense offered, appellant interposed a plea of *res judicata* based on the proceedings and judgment in the probate court aforesaid. The plea of *res judicata* was overruled by the court, and the appellees were permitted to introduce testimony which tended to establish the defense of payment, and that the note and mortgage had been delivered by Saiewitz in his lifetime to Henson. The appellant rested on his plea of *res judicata,* and the court found in favor of appellee and dismissed appellant's complaint.

The sole question presented by this appeal relates to the correctness of the court's ruling on the plea of *res judicata.* The appellee contends that the proceedings and judgment of the probate court were void for the reason that such court had no jurisdiction of the subject-

matter. Appellant concedes the lack of jurisdiction of the probate court, but contends that appellee is estopped from now setting up the issue of payment, because his intestate invoked the jurisdiction of the probate court and acquiesced in all of the proceedings had therein. In support of this contention he cites the case of *Fancher* v. *Kenner,* 110 Ark. 117, 161 S. W. 166, referred to in the case of *Huff* v. *Hot Springs Savings Trust & Guaranty Co.,* 185 Ark. 20, 45 S. W. (2d) 508. When the Fancher case is examined it will be seen that the only question involved on appeal was the judgment of the trial court apportioning the costs equally between the litigants which was approved by this court on the theory that the costs had been unnecessarily incurred by the party complaining in that he had acquiesced in an erroneous procedure in the probate court and in the circuit court on appeal. This court, however, noticed that the probate court, in the inception of the proceedings before it, had jurisdiction of the subject-matter, but that the method of procedure was erroneous. With reference to this, we said: ''While this was an erroneous method of procedure in making the inquiry after it was disclosed that appellee was claiming the property in his own right, still the probate court, and the circuit court on appeal, had jurisdiction of the subject-matter of the inquiry, and an erroneous exercise of that jurisdiction did not defeat it. * * * The appellant had it in his power to prevent the erroneous method of procedure in the circuit court, had he made timely objection thereto, and much of the costs incident to the trial of the rights of property incurred by appellant, he could have prevented, and they were unnecessary, had he objected to the procedure.''

It is unnecessary for us to consider the correctness of the ruling of the court in that case or the implications arising from it which might be thought would sustain the contention of the appellant in the instant case, for the reason that in this case, at no time did the probate court have jurisdiction of the subject-matter. It is well settled that where this jurisdiction is lacking consent cannot give it, and the judgment in all events is void. *Grimmett* v. *Askew,* 48 Ark. 151, 2 S. W. 707; *Axley* v.

*Hammock,* 185 Ark. 939, 50 S. W. (2d) 608. The trial court, therefore, correctly overruled the appellant's plea of former adjudication, and, as the evidence abundantly sustains the defense interposed, the decree will be affirmed. It is so ordered.