Weathers *v.* City of Springdale

5-3561 · 390 S. W. 2d 125

Opinion delivered May 24, 1965.

*Rex W. Perkins, Dickson, Putnam, Millwee & Davis,* for appellant.

*Crouch, Blair* and *Cypert,* for appellee.

Jim Johnson, Associate Justice. This is an appeal from a summary judgment. Appellants Sam Weathers and Margaret Weathers are the owners of a dairy farm in Benton County. On December 30, 1963, appellants filed suit against appellee City of Springdale alleging a taking of and/or damages to their land occasioned by the city's continued conduct of dumping raw sewage into a mountain stream which traverses the land of appellants; that this activity of the city has so polluted the stream (Spring Creek) as to render the land useless and amounts

to a taking by the city of appellants' land. The prayer is for damages as just compensation for such taking.

The city filed an answer and *inter alia* pleaded res judicata. In support of this plea appellee attached exhibits showing that in 1961 appellants and a number of other landowners in Benton County filed an action in the Washington Chancery Court seeking an injunction against the City of Springdale to prevent the same conduct which is alleged in the present complaint to amount to a taking of appelents' land. The Washington Chancery Court on November 29, 1961, by consent of the parties to that action, entered a decree enjoining such conduct in the future. It was further shown that on April 6, 1962, the same landowners petitioned for and obtained an order of citation against the city to show cause why the city should not be adjudged in contempt for failure to comply with the decree. On April 11, 1962, the city responed to the citation. No further action has been taken in Washington Chancery proceedings.

In the present action, before a trial on the merits the city filed a motion for summary judgment contending that prior chancery proceedings established a defense of res judicata to the present action as a matter of law. The trial court granted summary judgment and dismissed appellants' complaint; this appeal followed.

For reversal appellants contend that the Washington Chancery Court was without jurisdiction and thus the Washington Chancery decree could not have been res judicata to the action in the Benton Circuit Court.

We take judicial notice that the City of Springdale is located within Washington County. The consent decree acknowledges that the city was dumping raw sewage into Spring Creek to the detriment of the parties to that law suit, including appellants. Certainly the Chancery Court of Washington County had jurisdiction to command the City of Springdale to refrain from that particular act. We hold that the Washington Chancery decree is valid to that extent. Ark. Stat. Ann. §§ 32-101, 32-102 (Repl. 1962).

Having so found we reach the real question in issue, *i.e.*, did the Washington Chancery Court have jurisdiction over Benton County lands so as to award damages for the taking thereof?

Appellants in the Washington Chancery action asked no damages for the taking of their land, and it would have been a vain prayer. Damages for the taking of land is a local action. Ark. Stat. Ann. § 35-101 (Repl. 1962) provides that the owner of property taken for public use "shall have the right to bring an action . . . in the circuit court of the county in which said property is situated." And Ark. Stat. Ann. § 27-601 (Repl. 1962) requires that an action for an injury to real property must be brought in the county in which the land is situated. *Missouri Pacific R. Co.* v. *Henry,* 188 Ark. 530, 66 S. W. 2d 636. The Washington Chancery Court never obtained jurisdiction of the subject matter. This is true even though the parties to the equity action consented to the jurisdiction and entry of that decree. Jurisdiction of the subject matter cannot be conferred by consent. *Pruitt* v. *Sebastian County Coal & Mining Co.,* 215 Ark. 673, 222 S. W. 2d 50. It follows, therefore, that the Washington Chancery Court could not have awarded damages in the previous action because of lack of jurisdiction. It is well settled that where jurisdiction is lacking, a decree to that extent is void and therefore not res judicata to a subsequent action in a court of competent jurisdiction. *Hendricks* v. *Henson,* 192 Ark. 544, 92 S. W. 2d 867; *Kyle* v. *Pate,* 222 Ark. 4, 257, S. W. 2d 34. See generally *Dobbs* v. *Gillett,* 119 Ark. 398, 177 S. W. 1141; and *Hall* v. *Bush,* 128 Ark. 437, 194 S. W. 1031.

In the alternative, appellee urges that even if the present action were properly brought in Benton Circuit Court, appellants are barred by the statute of limitations.

The summary judgment made no finding as to statute of limitations but is based entirely (as both parties concede) on the question of res judicata. The question of statutes of limitation, which limitation may be applicable, if any, (see 152 A.L.R. 343), is a question of fact. The office of summary judgment is invocable "where there

538

is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Ark. Stat. Ann. § 29-211 (Repl. 1962). A fact question existing in the case at bar, summary judgment will not lie. The case is therefore reversed and remanded for further proceedings not inconsistent with this opinion.