Joe Dale HEAD *v.* CADDO HILLS SCHOOL DISTRICT

87-301                                                          745 S.W.2d 595

Supreme Court of Arkansas
Opinion delivered February 22, 1988

*Mitchell and Roachell*, by: *Clayton R. Blackstock*, for appellant.

*Charles E. Black*, for appellee.

STEELE HAYS, Justice. Joe Dale Head filed suit against the

Caddo Hills School District alleging that the district terminated his contract to teach for reasons that were arbitrary, capricious and discriminatory in violation of the Arkansas Teacher Fair Dismissal Act.[1] The district moved to dismiss the complaint on grounds of res judicata and the trial court granted the motion. Head has appealed. We reverse and remand.

Joe Dale Head was a probationary teacher with the Caddo Hills School District for the school year 1979-80. In July of that year Head was notified that his contract for 1980-81 was not being renewed. Head requested a hearing before the board and the dismissal was upheld by a vote of five to none, one member abstaining.

Head appealed to the circuit court and when the circuit court upheld the action of the district as being a nonrenewal of a probationary teacher, rather than a termination, Head appealed to this court. *See Head* v. *Caddo Hills School District*, 277 Ark. 482, 644 S.W.2d 246 (1982).

While we affirmed the circuit court's dismissal of Head's appeal, we pointed out that the circuit court was clearly wrong in holding that Head's contract was not terminated. We reached the same result, however, finding that no right of appeal is given to probationary teachers under the Teacher Fair Dismissal Act, a jurisdictional requirement which the parties had not argued, but which we are obliged to raise on our own. *First Pyramid Life Insurance Company* v. *Reed*, 247 Ark. 1003, 449 S.W.2d 178 (1970).

Following the issuance of the mandate in *Head* v. *Caddo Hills School District, supra*, Head filed in circuit court the suit now before us on appeal, which, as noted above, was dismissed on grounds of res judicata. That was error.

"It is well settled that where jurisdiction is lacking a decree to that extent is void and therefore not res judicata to a subsequent action in a court of competent jurisdiction." *Weathers* v. *City of Springdale*, 239 Ark. 535, 390 S.W.2d 125 (1965). *See also Hendricks* v. *Henson*, 192 Ark. 544, 92 S.W.2d

---

[1] Ark. Code Ann. § 6-17-1510 (1987).

867 (1936); *Kyle* v. *Pate*, 222 Ark. 4, 257 S.W.2d 34 (1953); Restatement (Second) of Judgments, § 20(1)(a) (1980); 46 Am. Jur. 2d *Judgments* § 446 (1969).

The circuit court had no jurisdiction to hear an appeal by Joe Dale Head from the school board and res judicata does not attach by reason of that attempt. We noted as much in the dictum of *Head* v. *Caddo Hills School District*, when we said, "a probationary teacher's remedy for an illegal termination is a suit for breach of contract." *Head*, 277 Ark. at 486. That cause of action has never been previously asserted and is not now precluded because of a futile attempt to appeal to a court which had no jurisdiction to entertain the appeal. "That which has not been tried cannot have been adjudicated." *Shaver* v. *Sharp County*, 62 Ark. 76, 34 S.W. 261 (1896).

Reversed and remanded.