## HYLLIS, ET. AL., v. STATE, USE, ETC.

1. SPECIAL JUDGE: *Limit of his judicial term.*
   The judicial power of a special judge, elected by the bar under *Art. 7, Sec. 21, Constitution of 1874,* where there is a vancancy in the office, or where the regular judge fails to appear, terminates when the regular judge appears and takes the bench; and he has no power after that to try a cause, even by consent, and though the regular judge be disqualified. Consent cannot impart judicial power. But where the regular judge is disqualified in a cause, or during the term falls ill, or dies, or becomes unable from any cause to hold the court, the authority of the special judge elected in his place continues for the remainder of the term of his election.

APPEAL from *Craighead* Circuit Court.

Hon. J. C. RIDDICK, Special Judge.

*Sanders & Husbands* for Appellants.

The proceedings and judgment had after March 28th, were *coram non judice* and void. *Art. 7, Sec. 21, Const. 1874.*

This court takes judicial knowledge of the judges of courts of record, their terms of office, qualification, etc. *1 Gr. Ev., Sec. 6, p. 9; 25 Ark., 337; Ib. 316.*

Consent, either express or implied, could not give judicial power. *39 Ark., 254; 42 Id., 126.*

SMITH, J.  A vacancy existing in the office of circuit judge, the attorneys in attendance on the Craighead circuit court, at the spring term, 1884, proceeded on the second day of the term, being the 18th of March, to elect a special judge. The choice fell upon the Honorable J. E. Riddick, who held the term until the 28th of March, when the Honorable W. H. Cate, to whom a commission as the regular circuit judge had been previously issued, appeared in open court, was duly qualified and assumed the bench. On the 29th of March, the special judge, without any new election held, tried this cause, probably for the reason that Judge Cate was disqualified. The question is, whether the judicial functions of the special judge did not cease and determine upon the appearance of the incumbent of the office.

*Art. 7, Sec. 21, Constitution of 1874,* provides: "Whenever the office of the judge of the circuit court of any county is vacant at the commencement of a term of such court, or the judge shall fail to attend, the regular practising attorneys in attendance on said court, may meet at 10 o'clock, A. M., on the second day of the term, and elect a judge to preside at such court, or *until the regular judge shall appear;* and if the judge of said court shall become sick, or die, or unable to continue to hold such court, after its term shall have commenced, or

shall from any cause be disqualified from presiding at the trial of any cause then pending therein, then the regular practising attorneys in attendance on said court may, in like manner, on notice from the judge or clerk of said court, elect a judge to preside at such court, or to try said causes, and the attorney so elected shall have the same power and authority in said court as the regular judge would have had if present and presiding; but this authority shall cease at the close of the term at which the election shall be made."

Here two distinct classes of cases are contemplated, in which a special judge may be elected:

1. Where there is no judge of that circuit in commission, or where the commissioned judge is absent, the special judge elected presides during that term, or until the regular judge appears.

2. The second class of cases is where the regular incumbent is disqualified to sit, or after the commencement of the term falls ill, or dies, or is unable from any cause to hold the court. Here the authority of the special judge continues for the remainder of the term of his election.

The present case falls under the first class, and the judicial power of the special judge terminated when Judge Cate took the bench. If the latter was disqualified to try any causes that remained undisposed of upon the docket, another election was necessary. No objection was made below to the competency of the special judge. But consent, either expressly or tacitly given, cannot impart judicial power. *Dansby v. Beard, 39 Ark., 254; Gaither v. Wasson, 42 Id., 126.*

The proceedings subsequent to the 28th of March, were *coram non judice*, and the judgment was void. The appeal is dismissed, and the case will stand for trial in the court below as it did before the supposed trial took place.