### Cox *v.* Railway Company.

Decided February 13, 1892.

*Venue in civil action—Injury to real property.*

> A suit to restrain defendant from removing earth from plaintiff's land is an action for " an injury to real property," within sec. 4994 of Mansf. Dig., and must be brought within the county where the land lies.

APPEAL from *Pulaski* Chancery Court.

DAVID W. CARROLL, Chancellor.

*P. C. Dooley* for appellant.

*U. M. & G. B. Rose* for appellee.

By sec. 4994 Mansf. Dig., every action for injury to real property must be brought in the county where the lands lie.

The court below had no jurisdiction and properly sustained the demurrer and dismissed the bill for want of jurisdiction. 80 Cal., 308; 22 Pac. Rep., 252; Brown on Jurisdiction, secs. 32, 34; 33 Ark., 31 ; 66 Cal., 343. Our code provisions in reference to venue apply to both legal and equitable actions. 11 Abb. Pr. (N. S.), 27; 3 Abb. Pr., 14.

MANSFIELD, J. This was a suit in equity to enjoin the defendant, the St. Louis, Iron Mountain and Southern Railway Company, from removing earth from certain lands of the plaintiff situated in Prairie county and over which the defendant's road passes.

The complaint alleges that the defendant has acquired no right of way over the lands, but has entered upon them with its laborers and trains, and is carrying away a large quantity of the earth which it is using to build a road-bed across the Cache river bottom. The depth and length of the excavation already made by the removal of the soil are stated, and it is alleged that a ditch or canal is thus being opened which is a nuisance to the freehold, and will cause an irreparable damage to the plaintiff's estate. It is also alleged that the defendant is insolvent, and that, all its property being mortgaged for its full value, the damages which might be recovered for the injury could not be collected. The suit was brought in Pulaski county, where it is alleged the company has its principal office.

The defendant filed an answer which embraces a demurrer. A statement of the defensive matters set up in the answer is not necessary to an understanding of the question to be decided. The objections to the complaint stated in the demurrer are (1) that it does not state facts sufficient to constitute a cause of action, and (2) that the court has no jurisdiction of the action.

Affidavits were filed in support of the prayer for a temporary restraining order, and counter-affidavits were filed by the defendant. The decree appealed from recites that the demurrer and the application for the restraining order were

submitted to the court at the same time, and this recital is followed by an order dismissing the complaint "for want of equity." On this record it is insisted by counsel for the appellant that the cause was heard in the court below upon its merits, and that it should therefore be determined here without considering any question raised by the demurrer.

The civil code provides that where a defendant files a demurrer with his answer, and fails to present the demurrer for the consideration of the court at or before the first calling of the cause for trial after the filing of the same, it shall be regarded as waived as to all points except the jurisdiction of the court, and that the complaint does not state facts sufficient to constitute a cause of action. Mansf. Dig., sec. 5054. Under this provision neither of the objections to the complaint stated in the demurrer would have been waived by the failure to present it before the cause was called for trial. But the recitals of the decree show that no such failure occurred, and they contain nothing to indicate that the demurrer was not considered and acted upon by the chancellor.

The second objection of the demurrer is grounded on the fact appearing on the face of the complaint that all of the lands therein mentioned are situated in the county of Prairie. And the contention of the appellee is that the venue of the action is local, and that it must therefore be brought in the Prairie circuit court. If this objection was fatal to the jurisdiction of the Pulaski chancery court, then it will be unnecessary to inquire whether, on the facts stated in the complaint, it was error to deny the injunction.

Section 81 of the civil code is as follows:

" Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated:

" First. For the recovery of real property, or of an estate or interest therein.

" Second. For the partition of real property.

" Third.   For the sale of real property under a mortgage, lien, or other incumbrance or charge.

"Fourth.   For an injury to real property." Mansf. Dig., sec. 4994.

On the part of the appellant it is contended that the fourth subdivision of this section applies only to actions for the recovery of damages resulting from trespass and other like injuries.   But the code observes no distinction between proceedings at law and proceedings in equity in the rules it prescribes for determining the venue of actions.   *Bush* v. *Treadwell,* 11 Abb., N. S., 27.   And we can find in it no provision justifying the conclusion that the venue of actions for injuries to real property can be made to depend in any case upon the object of the suit or the nature of the relief sought.   A cause of action is local under the code because the statute has made it so ; and a party cannot shift the jurisdiction from the proper county by electing to pursue a particular remedy.   Newman's Pl. & Pr., pp. 17, 19, 38, 39, 43, 447; *Wood* v. *Hollister,* 3 Abb. Pr., 14; *Jacks* v. *Moore,* 33 Ark., 31 ; *Jones, McDowell & Co.,* v. *Fletcher,* 42 Ark., 422.

It was argued that as the remedy by injunction acts only on the person of the defendant, the venue is transitory.  But so also an injunction to stay proceedings on a judgment operates only upon the person of the proper party; and yet it must issue in an action brought in the court where the judgment was rendered.   Mansf. Dig., sec. 3751.   And so too the recovery of damages for a trespass on land is of course by a judgment strictly personal; but the action for it must be brought in the county where the land or some part of it is situated.   *Jacks* v. *Moore,* 33 Ark., *supra.*

It was also suggested that the contention of the appellant is supported by section 3734 of the Digest, which provides that an injunction may be granted " by any circuit judge." But it is clear, from the language of that section and from other sections on the same subject, that the injunction there mentioned issues only as a provisional remedy, and the or-

der must in every case be made returnable to the court having jurisdiction of the cause, and which alone has power to make the injunction perpetual.  See secs. 3732, 3733, 3735; Newman, Pl. & Pr., 34; *Mason* v. *Chambers*, 4 J. J. Marshall, 409.

Other statutory provisions might be cited to show that there is nothing in the mode of relief sought by the plaintiff which can control the venue of this action.  Whether the venue is local must be determined solely by the nature of the injury for which the action was brought.  If the suit is for "an injury to real property," within the meaning of the statute, then the code imperatively requires it to be brought in Prairie county.  It was said in *Jacks* v. *Moore*, 33 Ark., *supra*, that the code, in making the venue of actions for injuries to real property local, followed the rule of the common law.  It may be added that the legislature has also adopted the phraseology of the common law writers in describing the causes of action to which the rule is made applicable.  1 Chitty, Plead., pp. 139, 174, 268.

The term "injury" is used in section 4994 in a technical sense and as meaning every wrong which in legal contemplation is an injury to real property.  This embraces, not only injuries committed directly and forcibly for which an action of trespass was the appropriate remedy under the former practice, but such also as nuisances, the obstruction of light or air, diverting water-courses and other similar wrongs for which the remedy at common law was an action on the case.  Of the latter class was permissive waste, which, being a failure to repair, was a mere non-feasance; and yet it was classed as an injury to real property, and the venue was local.  (1 Chitty, 144, 268).  That an act which is only threatened may be an injury to real property is shown by the statutory provisions affording a remedy in many cases to prevent it.  Thus an injunction is granted "to restrain the commission or continuance of some act which could produce great or irreparable injury to the plaintiff." Mansf. Dig., sec. 3730.  "Past injuries," it is said, "are in

themselves no ground for an injunction." 3 Wait's Actions. and Defenses, 683; *Coker* v. *Simpson*, 7 Cal., 340. But equity will frequently enjoin what is usually referred to as a "threatened injury." 10 Am. & Eng. Enc. of Law, p. 822. These references are sufficient to show that whatever the law will regard as an injury when it shall be actually suffered will be treated as an existing injury for the purpose of granting a preventive remedy against it. And it is as local in the one case as it is in the other.

The code of California provides that actions for injuries to real property must be tried in the county where the property is situated. And the Supreme Court of that State has held that a suit to restrain the building of a dam, which it was. alleged would flood the lands of the plaintiff, was an action for an injury to real property, within the meaning of the provisions referred to. *Drinkhouse* v. *Spring Valley Water Works*, 80 Cal., 308. In the case cited the court said : "The injury is the same, whether threatened or completed, and. the privilege accorded to the plaintiff to prevent the injury by injunction ought not to be held to give him the right to have the trial in a county where the cause would not have been triable if he had waited the completion of the injury before seeking redress."

Under a similar provision in the code of New York, it has been decided that an action to enjoin "an apprehended injury to real property" is local. *Leland* v. *Hathorn*, 42 N. Y., 547.

But the cause of action stated in the appellant's complaint is, we think, not only within the meaning, but also within the terms of the statute. He alleges that a continuing trespass is being committed on his lands, and that the excavation the defendant is making will create upon them a. nuisance. These wrongful acts could not be more aptly described than by calling them, in the language of the code, "an injury to real property." We therefore think the objection to the venue was well taken, and that the complaint was properly dismissed.

But the form of the judgment rendered, although frequently used in practice without reference to the ground on which the court proceeds, is only strictly appropriate to a dismissal of the complaint upon its merits and because of the failure to state facts entitling the plaintiff to relief. And as it might for this reason be pleaded as an estoppel of the plaintiff to prosecute his action for the same cause in the proper court, it should be modified so as to show that the complaint was dismissed on the objection to the jurisdiction stated in the second ground of the demurrer. With that modification the decree will be affirmed.