## King v. Harris.
### Opinion delivered May 20, 1918.

1. EJECTMENT—INTERVENTION BY STATE.—A. brought ejectment to recover possession of certain lands against H. and F. A. claimed title as heir of one S. H. and F. made no defense but the prosecuting attorney entered and filed a pleading, claiming that the lands had escheated to the State. *Held,* it was error for the court to hold that the action was one against the State, and to dismiss the complaint.

2. JURISDICTION—SUBJECT-MATTER—CONSENT.—While jurisdiction of the parties may be acquired by consent, jurisdiction of the subject-matter of litigation can not be thus acquired.

3. EJECTMENT—JURISDICTION.—The circuit court of Washington County is without jurisdiction to try an action in ejectment to try title to lands in Madison County, in the absence of an order of a change of venue.

Appeal from Washington Circuit Court; *Jos. S. Maples,* Judge; reversed.

*J. V. Bourland,* for appellant.

1. The complaint was regularly filed and stated a good cause of action. Defendants were duly served but made default. Appellant was entitled to judgment by default. Kirby's Digest, § 6188.

2. The State was not made a party. The judgment of the Madison Circuit Court purporting to escheat the land is void. Kirby's Digest, § § 3031, 4919, 4924. The court had no jurisdiction. 147 S. W. 438; 59 Ark. 483; 54 *Id.* 627, 643; 51 *Id.* 34; 52 *Id.* 312; 48 *Id.* 238; Kirby's Dig., § § 3029, 3039.

3. The lands did not escheat. 57 Ark. 49; 31 *Id.* 229; 30 *Id.* 719; 143 Cal. 194; 32 Ky. L. R. 687.

4. The jurisdiction can not be questioned. The case was transferred by consent.

*John D. Arbuckle,* Attorney General; *T. W. Campbell,* Assistant, and *J. S. Combs,* Prosecuting Attorney, for the State.

1. The court had no jurisdiction as the suit was really against the State. 91 Ark. 527.

2. The lands were in Madison County, and the court had no jurisdiction. Kirby's Dig., § 6060; 33 Ark. 31; 48 *Id.* 151.

SMITH, J. · (1) Appellant filed his complaint in ejectment in the circuit court of Madison County against J. C. Harris and George Fullerton, in which he sought to recover the possession of certain lands situated in that county. He deraigned title by descent as the only heir at law of one S. S. Smith, who, according to the allegations of the complaint, had died seized and possessed of the land sued for. Harris and Fullerton did not appear and made no defense whatever to the action. But J. S. Combs, prosecuting attorney for the Fourth Judicial District, in which Madison County is located, appeared in the action in behalf of the State of Arkansas and filed for the State a pleading which is denominated in the record as an answer and demurrer, in which pleading said prosecuting attorney set up that the lands described in appellant's complaint had previously escheated to the State upon the death of S. S. Smith, the former owner, and that after the estate of said Smith had been fully administered and no heirs at law being known or appearing to claim said land, the prosecuting attorney had instituted, in the circuit court of Madison County, the proper proceedings prescribed by law to vest title to such lands in the State, and that the persons named as defendants in appellant's complaint neither had nor claimed any interest whatever in said lands. That the only connection which Harris had with said lands was that he had been the administrator of the estate of said Smith, deceased, the former owner of said lands, and as such administrator had collected the rents on said land during the course of said administration and had applied said rents, along with the personal property of the deceased, to the payment of debts probated against the estate of deceased. And that said Fullerton was, at the time of the institution of said ac-

tion, in possession of said lands as the tenant of the State of Arkansas under authority of the prosecuting attorney, and that said suit, which had been instituted to recover the possession of said lands by appellant, was in effect and in fact, a suit against the State, and not against the nominal defendants named in the complaint. It appears that the case was then transferred by consent to the circuit court of Washington County, where it was tried before the circuit court without the intervention of a jury. But no order changing the venue was made. The circuit court of Washington County held that the suit was in effect one against the State, and that the circuit court was without jurisdiction to try the same and dismissed the complaint without prejudice, and this appeal has been prosecuted to review that order.

No order appears to have been made by the court below upon the filing of the prosecuting attorney's demurrer and answer; but testimony was heard in the court below and the cause proceeded to judgment as if the State had been made a party to the proceeding; and the final judgment entered in the cause indicates that the court below treated the State as having been made a party to this litigation; and we will so treat the record, although this appeal has been prosecuted and perfected in the names of the original parties. The State has in effect become a party plaintiff to this litigation and the court should not thereafter have dismissed the complaint for the reason assigned, i. e., that it was a suit against the State. The State's sovereignty is in no manner involved in this litigation. 'At its own election and through its prosecuting attorney it became a party to private litigation which involved the title to a tract of land which had been owned by appellant's ancestor at the time of his ancestor's death. The State asserted title only by virtue of a certain escheat proceeding, and it was, of course, competent for the heir at law who claimed the property to show that the title to the property had not been divested out of Smith's heirs, in fact escheated. And that is now the question at issue.

We do not review the record in this case to determine the validity of the escheat proceeding, as it suffices to say that appellant undertook in the court below, in opposition to the State's intervention, to show that there had been no substantial compliance with the statutes of this State which define the procedure for vesting the title to escheated property in the State, and appellant is entitled to a trial of this issue in the proper forum.

(2-3) However, the point is made that the Washington Circuit Court did not have jurisdiction to try this case, for the reason that the lands in controversy are situated in Madison County, and it was only by consent of the parties that the cause was tried in the Washington Circuit Court. The court made no order changing the venue of this cause, and the Washington Circuit Court was, therefore, without jurisdiction to try it, as it is thoroughly well settled that, while jurisdiction of the parties may be acquired by consent, jurisdiction of the subject matter of litigation can not be thus acquired. Section 6060, Kirby's Digest; *Jacks* v. *Moore,* 33 Ark. 31; *Grimmett* v. *Askew,* 48 Ark. 151; *Blake* v. *Scott,* 92 Ark. 46, 53.

The Washington Circuit Court was, therefore, without jurisdiction to enter the order made by it, and its judgment must, therefore, be reversed, and the cause will be remanded with directions to the parties to proceed with the trial in the Madison Circuit Court.