KORY v. DODGE.

Opinion delivered October 17, 1927.

1. JUDGES—EXCHANGE OF CIRCUITS.—Where the chancellors of the First and Eighth districts, under authority of Crawford & Moses' Dig., §§ 2204, 2224, and 2225, exchanged circuits for the single date of September 22, 1927, and where parties to a cause being tried on that date in the Eighth Circuit stipulated that defendants might have the Friday following to complete their proof by the taking of depositions, and that plaintiffs should have the Saturday following that for the same purpose, and that depositions taken when transcribed should be presented to the chancellor of the First Circuit, who should make such orders in vacation as he deemed proper, *held* that the chancellor of the First Circuit had no authority to make the orders contemplated after September 22, 1927, notwithstanding Crawford & Moses' Dig., § 2190, relating to vacation orders and decrees.

2. COURTS—CONSENT OF PARTIES.—Courts cannot be created by consent of parties.

Prohibition to Lawrence Chancery Court, Eastern District; *Frank H. Dodge,* Chancellor on Exchange; writ awarded.

*Horace Chamberlin* and *W. E. Beloate,* for appellant.

*Geo. M. Gibson* and *Smith & Blackford,* for appellee.

SMITH, J. Suit was instituted in the Eastern District of the Lawrence Chancery Court by certain heirs of Isaac Less, deceased, and Gussie Less, the divorced wife of the said Less, against Ida Less Kory, the widow of the said Less, and her attorney in fact, and one of the children and heirs at law of the said Less. The Lawrence Chancery Court is situated in the Eighth Chancery District. The complaint is long and involved, and its allegations need not be recited.

A petition and bond for removal of the cause was filed by Ida Less Kory, upon which no order was made by the regular chancellor presiding in that district. This motion was considered and overruled by the Hon. F. H. Dodge, chancellor of the First District, on the third day of the term, to which order an exception was duly saved.

It appears that the chancellor of the Eighth District and the chancellor of the First District had made a contract for the exchange of courts, which provided that the said Dodge would preside over and hold the Lawrence Chancery Court in the Eastern District "for the date of Thursday, September 22, 1927," and on that day the motion to remove was heard and overruled. A demurrer to the complaint was also overruled, to which rulings exceptions were saved. The defendant, Ida Less Kory, filed an answer and cross-complaint, the allegations of which need not be stated, and the court proceeded to the hearing of the cause.

The decree of the court contains the following recital:

"And after the defendants had introduced a number of witnesses the hour of six o'clock P. M. approached, and the defendants asked time within which to complete their proof by the taking of depositions. Whereupon the parties hereto, by their solicitors of record, agreed in open

court that the defendants might have all day of Friday, the 23d day of September, 1927, within which to complete the taking of depositions upon said motion now, under consideration, and that thereafter the plaintiffs should have all day of Saturday, the 24th day of September, 1927, in which to take such proof as they might desire in rebuttal, and that the taking of said depositions as to both parties should close on Saturday, September 24, 1927, and that as soon as said depositions were transcribed they should be presented to the chancellor hearing this matter, the Honorable Frank H. Dodge, chancellor of the First Chancery Circuit of the State of Arkansas, at Little Rock, Arkansas, and that said chancellor might thereupon make such orders and decrees therein and upon said motion, at Little Rock, Arkansas, in vacation, as he might deem proper; which orders and decrees so made in vacation should be entered and recorded on the records of this court in the Eastern District of Lawrence County, Arkansas, where said matter is pending, with the same force and effect as if made, entered and recorded in term time."

Before any further hearing was had before the Hon. F. H. Dodge, pursuant to the above order, application was made to this court for a writ of prohibition restraining the said Dodge from the further hearing of the cause and the motions made therein to remove. A temporary stay was granted by a member of this court, which has been continued in force until the final submission of the petition for prohibition to the full court, which motion has now been submitted upon briefs of respective counsel.

Numerous questions are discussed in these briefs, which we have found unnecessary to decide, for the reason that the authority of the said Dodge to further hear the cause has expired, and for this reason the petition for prohibition will be granted and the writ awarded.

By § 2204, C. & M. Digest, it is provided that the several chancellors of the State may exchange and hold courts for each other, as in the case of circuit judges.

Sections 2224 and 2225, C. & M. Digest, read as follows:

"Section 2224. The judges of the circuit courts may, by agreement, temporarily exchange circuits or hold courts for each other for such length of time as may seem practicable and to the best interest of their respective circuits and courts. Such agreement shall be signed by the judges so agreeing, and entered on the record of the court or courts so to be held.

"Section 2225. The judges exchanging as aforesaid shall have the same powers and authority, while holding court for each other, as the judge for the circuit in which such term or terms shall be held."

It thus appears that the chancellors of the respective districts were authorized by law to make the exchange of circuits, and it also appears that they limited this exchange by the express terms of their agreement to Thursday, September 22, a day of the term.

In the case of *Evans v. State,* 58 Ark. 47, 22 S. W. 1026, Mr. Justice BATTLE said:

"The Constitution authorizes them (circuit judges) to temporarily exchange circuits or hold courts for each other under the regulations prescribed by law, and the statute empowered them to exchange circuits and hold courts for each other for such length of time as seemed to them practicable and to the best interest of their respective circuits and courts. * * * In exchanging courts they had the right to fix the time according to what, in that respect, seemed to them practicable and to the best interest of their respective courts and circuits."

During the day named of the term of the Lawrence Chancery Court for the Eastern District thereof, the chancellor of the First District had full authority to preside and to make any order or decree on that day which the regular chancellor might have made, but his authority to preside and hold court was limited to that day of the term by the agreement for the exchange, and on that day, and that day only, could the chancellor of the First District preside; and he had no right thereafter to fur-

ther hear any cause pending in the Lawrence Chancery Court.

In the early case of *Auditor* v. *Davies*, 2. Ark. 494, it was held (to quote a syllabus), that: "The power and authority of each circuit judge in this State are restricted and limited to the prescribed and ascertained boundaries of his circuit."

Respondent insists that the right to proceed with the further hearing of this cause is conferred by § 2190, C. & M. Digest, which reads as follows:

"Section 2190. A chancellor may deliver opinions and make and sign decrees in vacation in cause taken under advisement by him at a term of the court; and, by consent of parties, or of their solicitors of record, he may try causes and deliver opinions, and make and sign decrees in vacation. Such decrees and all other orders and decrees which a chancellor may make in vacation shall be entered and recorded on the records of the court in which the cause or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time, and appeals may be had therefrom as in other cases."

We think, however, that, if this section confers authority upon the chancellor holding court in another district upon exchange, it could not operate to extend the time in which he might do so beyond the time limited by the agreement for the exchange.

Respondent also calls attention to the fact that the order for the further hearing of the cause, after Thursday, was made by consent of parties on the motion of petitioner here, and such is the recital of the order, but the fact remains that this cause is pending in the Lawrence Chancery Court, and the right of the chancellor of the First District to preside there has expired, and courts cannot be created by consent of parties. *Price* v. *Madison Co.*, 90 Ark. 195, 118 S. W. 706; *Frank* v. *Frank*, 88 Ark. 1, 113 S. W. 640, 19 L. R. A. (N. S.) 176, 129 Am.

St. Rep. 73; *Hyllis* v. *State*, 45 Ark. 478; *Gaither* v. *Wasson*, 42 Ark. 126; *Dansby* v. *Beard*, 39 Ark. 254; *Feild* v. *Dortch*, 34 Ark. 399; *Jacks* v. *Moore*, 33 Ark. 31.

It follows therefore that the chancellor of the First District is without jurisdiction to proceed further, as he admits in his response he is about to do, and the writ as prayed will therefore be awarded.