MAYNER v. UTAH CONST. CO.

No. 1041.

United States District Court,
W. D. Arkansas, Fort Smith Division.

Dec. 5, 1952.

---

Mark E. Woolsey, John J. Cravens and Jeta Taylor, Ozark, Ark., for plaintiff.

Harper, Harper & Young, Fort Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

This suit was filed October 16, 1952, in the Circuit Court of Franklin County, Arkansas. The cause was removed to this court by defendant on November 3, 1952, on the ground that the plaintiff is a citizen and resident of the State of Arkansas; that the defendant is a corporation organized and existing under the laws of the State of Utah with its principal office and place of business in Salt Lake City, Utah; and that the amount involved herein exceeds $3,000, exclusive of interest and costs.

The defendant further alleged in the petition for removal, "that all the causes of action in plaintiff's complaint, and which he has attempted to separate, are in truth and in fact all a part of one cause of action by plaintiff against the defendant for alleged breach of contract, and plaintiff has attempted to sever and separate the same into separate causes of action for the purpose of defeating and preventing removal of his cause to this court."

On November 12, 1952, the defendant filed a motion to quash service of summons and alleged:

"That the cause of action attempted to be alleged by plaintiff in his complaint against defendant, and each and every part thereof, is transitory in nature; that the summons returned and filed herein shows that plaintiff's complaint was filed in Franklin County, Arkansas, and that summons was directed to, delivered to and served by the sheriff of Johnson County, Arkansas, in Johnson County, Arkansas; that same was not served upon defendant's designated agent for service; that defendant does not now have and did not at the time of such service have an office or place of business in Franklin County, Arkansas, and service of summons herein on defendant in Johnson County was insufficient to give the Circuit Court of Franklin County, Arkansas, jurisdiction over the person of defend-

ant and therefore this court on removal does not have such jurisdiction."

28 U.S.C.A. § 1447(c), provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

█ Under the above provision of the Removal Act, there is no doubt as to the power and duty of the court when it appears that it lacks jurisdiction of a removed suit, and the court is bound to ask and answer for itself the question of whether it has jurisdiction, even though no motion to remand is made. It should remand a case of its own motion where it is satisfied that it lacks jurisdiction. 2 Cyclopedia of Federal Procedure, Third Edition, Section 3.144, page 423. A study of the pleadings and the record in this case has convinced the court that it is without jurisdiction.

In the first paragraph of the complaint, the residence and identity of the parties are alleged and that the plaintiff is the owner of a 120-acre tract of land in Franklin County, Arkansas; that the defendant, on or about October 20, 1949, purchased from plaintiff approximately 3,300 cubic yards of dirt and gravel to be used by defendant in making a certain railroad fill over and across the land; that the defendant paid him the sum of $200 for said dirt and gravel; that, afterwards, the defendant took and removed from said land approximately 23,100 cubic yards of such materials and has failed and refused to pay plaintiff for same, to plaintiff's damage in the amount of $1,400.

That the defendant has procured from plaintiff a railroad right-of-way across the land, which right-of-way was fifty feet in width, but, in the building and construction of the line of railroad across the land, the defendant had appropriated without the consent of the plaintiff approximately four acres of land in addition to the land included in the right-of-way and that plaintiff is entitled to recover $400 from defendant for the said additional four acres of land.

That, in the building and construction of said railroad, the defendant wrongfully diverted from its natural course a stream or creek that flowed over and across the lands and thereby damaged other lands belonging to the plaintiff in the amount of $400 for which plaintiff is entitled to judgment against defendant.

In Paragraph 2 of the complaint, the plaintiff alleged that he was the owner of a 200-acre tract of land in Franklin County, Arkansas, and that he and defendant entered into an oral contract by the terms of which the defendant had the right to use the lands of plaintiff lying South of the Ozark-Philpot Road across the said 200-acre tract of land; that the defendant was to use such land for storing, placing and maintaining thereon certain machinery, equipment, materials and supplies used and to be used in the building of its railroad track and in the mining, removing and shipping of coal; that the defendant, as a consideration for the right to use said land for such purposes, agreed that it would "fell" approximately forty acres of timber and undergrowth on a certain portion of the land and in addition thereto it would excavate and cut down a certain mound, knoll or hill situated North of plaintiff's home; that the plaintiff did "fell" approximately twelve or fifteen acres of the timber and undergrowth but had failed and refused to "fell" the other timber and undergrowth and has failed and refused to excavate and cut down the mound, knoll, or hill. "That plaintiff has been damaged by reason of defendant's breach of said contract in the amount of $3,000, for which amount he is entitled to judgment against the defendant."

The prayer of the complaint is that the plaintiff recover of and from defendant a judgment in the amount of $5,200, the amounts being $2,200 for the damage alleged in Paragraph 1 and $3,000 for the damage alleged in Paragraph 2.

Clearly, the damage sought to be recovered in Paragraph 1 is "for an injury to

real property" and the damages sought to be recovered in Paragraph 2 are for the breach of a contract alleged to have been entered into by the parties.

Section 27–1301, Arkansas Statutes 1947, Annotated, provides:

"Several causes of action may be united in the same complaint, where each affects all the parties to the action, may be brought in the same county, be prosecuted by the same kind of proceedings, and all belong to one of the following classes:

"First. Claims arising out of contracts, express or implied.

"Second. Claims for the recovery of specific real property, and the rents, profits and damages for withholding the same.

"Third. Claims for the recovery of specific personal property, and damages for the taking or withholding the same.

"Fourth. Claims for partition of real or personal property, or both.

"Fifth. Claims arising from injuries of character.

"Sixth. Claims arising from injuries to person and property.

"Seventh. Claims against a trustee by virtue of a contract or by operation of law."

[2] Under this statute, all claims arising out of contracts, express or implied, may be joined. Likewise, all claims arising from injuries to personal or real property may be joined, but an action in tort cannot be joined with an action in contract. In National Mutual Casualty Co. v. Blackford, 200 Ark. 847, at page 851 of the opinion, 141 S.W.2d 54, at page 55, the court said:

"In this state an action in tort cannot be joined with an action in contract. Section 1283 of Pope's Digest (now Sec. 27–1301, supra) provides in seven subdivisions what causes of action may be united in the same complaint, and an action in tort and in contract are not provided for. Kentucky from which we borrowed the above section of the Civil Code so holds. C. & O. R. R. Co. v. Patton, 146 Ky. 656, 143 S.W. 25."

While there is no specific allegation in Paragraph 1 that the damages alleged to be sustained resulted from a trespass, such damages, if any, resulted from an injury to land. Section 27–601, supra, provides:

"Actions for the following causes must be brought In the county in which the subject of the action, or some part thereof, is situated * * *.

"Fourth. For an injury to real property."

Such an injury is local in nature and an action to recover damages for such injuries must be brought in the county in which the land is situated. Cox v. Railway Co., 55 Ark. 454, 18 S.W. 630; Missouri Pacific Railroad Co. v. Henry, 188 Ark. 530, 66 S.W.2d 636. When an action is local in nature, summons may be served upon the defendant in any county in the state. Sec. 27–618, supra; Smith v. Waggoner, Judge, 212 Ark. 345, 205 S.W.2d 465.

All other actions must be brought either in the county in which the defendant resides or in the county in which he is summoned. Sec. 27–613, supra; Robinson v. Missouri Pacific Transportation Co., 218 Ark. 390, 236 S.W.2d 575; Sloan v. Peoples Loan & Investment Co., 195 Ark. 1085, 115 S.W.2d 833; Anheuser-Busch, Inc., v. Manion, 193 Ark. 405, 100 S.W.2d 672.

The claim of plaintiff alleged in Paragraph 2 of the complaint is transitory in nature and the defendant is not subject to a suit thereon except in the county where it maintained a branch office or other place of business. Sec. 27–347, supra.

The fact that the defendant had been authorized to do business in the state is immaterial and it was subject to summons only as provided in the statute. Anheuser-Busch, Inc., v. Manion, supra; Sloan v. Peoples Loan & Investment Co., supra. The summons in the instant case was served on the manager of the defendant at the office of defendant in Johnson County, Arkansas, by the Sheriff of said Johnson County.

As heretofore stated, the claim of the plaintiff alleged in Paragraph 1 could not be joined in the same suit with the

536

claim alleged in Paragraph 2, except with the consent of the defendant. Of course, that consent could be evidenced by the failure of defendant to object or by failure to move to strike claim alleged in Paragraph 2.

The Circuit Court of Franklin County did not have jurisdiction of the claim alleged in Paragraph 2 but did have jurisdiction of the claim alleged in Paragraph 1, but plaintiff seeks to recover only $2,200 on the claim in Paragraph 1.

■ The entire suit has been removed and the removal has brought to this court what was pending in the state court from which the cause was removed at the time. The jurisdiction of this court is in a limited sense derivative. If the state court had no jurisdiction of the removed case, the federal court can have none. 2 Cyclopedia of Federal Procedure, Third Edition, Sec. 3.11, pages 199, 203, inclusive.

In Lambert Run Coal Co. v. Baltimore & Ohio Railroad Co., 258 U.S. 377, on page 382, 42 S.Ct. 349, on page 351, 66 L.Ed. 671, the court said:

"The jurisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none, although it might in a like suit originally brought there have had jurisdiction."

See, also, Moore's Commentary on the U. S. Judicial Code, Sec. 0.03(31), pages 218, 219.

■ Neither of the claims of plaintiff are within the jurisdiction of this court. They were improperly joined in the state court and the state court did not have jurisdiction of the claim alleged in Paragraph 2 for the reasons hereinbefore stated. The amount sought to be recovered in Paragraph 1 does not exceed $3,000, exclusive of interest and costs, and the court is without jurisdiction to proceed to a trial of that alleged cause.

Under the former Removal Act, the court ordinarily dismissed a suit where the jurisdiction of the state court was lacking but the present Act provides only for a remand to the state court. Such an order will leave to the state court the right to determine its own jurisdiction and to proceed with the action if it determines that it does have jurisdiction, but, since this court is convinced that the claims of plaintiff are improperly joined and that the state court did not have jurisdiction of the claim alleged in Paragraph 2, and that it does not have jurisdiction of the claim alleged in Paragraph 1 for the reasons above stated even though the state court would have jurisdiction of such claim, the cause should be remanded and such an order is being entered today.