SOUTHEAST CONSTRUCTION COMPANY, INC. *v*. WOOD, JUDGE.

5-354                                    265 S. W. 2d 722

Opinion delivered March 15, 1954.

*Daily & Woods,* for petitioner.

*Bates, Poe & Bates,* for respondent.

ROBINSON, J. Southeast Construction Company seeks a writ of prohibition, contending that the Scott Circuit Court is without jurisdiction in the case of J. S. Sanders and Lillie Sanders, his wife, and Earl Sanders and Bettie Sanders, his wife, v. Petitioner herein, Southeast Con-

struction Company. The complaint filed by the Sanders alleges that Southeast Construction Company contracted with the Highway Department to do certain work on the Needmore-Forester Road. Plaintiffs further allege that defendant, Southeast Construction Company, carelessly and negligently constructed and built a culvert in and through State Highway 28 at a place where the highway runs through plaintiffs' farms, that such construction was done in a negligent and careless manner, thereby changing the natural flow of water and causing it to run over plaintiffs' lands.

Subsequently the Sanders filed an amended complaint alleging that the carelessness and negligence of the defendant, Southeast Construction Company, resulting in the damages complained of by the plaintiffs, consisted of building and constructing the culvert where one had not been, which changed the natural flow of water, without providing the proper and necessary inlet and outlet; and by carelessly and negligently closing and damming up the ditch on the south side of the highway just below and to the east of the culvert, thereby causing all the water to flow out of its natural course, and onto the lands of the plaintiffs, without providing and building the necessary and proper outlet, spillway, and ditch to carry off the water.

Petitioner, Southeast Construction Company, alleges that the suit is on the contract between it and the Highway Department and that the venue is in the county where service of summons can be obtained on the defendant, and that defendant was not served in Scott County. In support of its contention petitioner cites Ark. Stat., 76-232, which provides, *inter alia,* "that where any suit may be filed against any contractor, or persons engaged in the construction of state highways, or on account of any claim growing out of any contract, express or implied, or on account of any damages to person or property, said suits may be filed in any county in this State where service can be obtained upon the defendant by summons or publication of a warning order. . . ."

330

The above-quoted statute is not applicable because this action sounds *in tort* and is for damages to lands. Ark. Stat., 27-601, provides. "Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated: . . . for an injury to real property."

In *Missouri Pacific Railroad Co.* v. *Henry,* 188 Ark. 530, 66 S. W. 2d 636, it is said: "Do the complaints state actions for injuries to real property? If so, they are local and must be brought in the county where the lands lie. [Ark. Stat., § 27-601] § 1164, Crawford & Moses' Digest, 4th subdiv.; *Jacks* v. *Moore,* 33 Ark. 31; *Cox* v. *Little Rock & M. R. Co.,* 55 Ark. 454, 18 S. W. 630. Even consent cannot confer jurisdiction of the subject-matter. *King* v. *Harris,* 134 Ark. 337, 203 S. W. 847. See *Kory* v. *Dodge,* 174 Ark. 1156, 298 S. W. 505."

Writ denied.