PEARSON *v.* PONDER, JUDGE.

5-736                                     283 S. W. 2d 343

Opinion delivered October 17, 1955.

[Rehearing denied November 28, 1955.]

*Ivan Williamson* and *Ben B. Williamson,* for petitioner.

*J. L. Bitile* and *W. J. Arnold,* for respondent.

PAUL WARD, Associate Justice. Truman T. Foster is a resident of Stone County, Arkansas, and is the owner of 160 acres of land situated in that county. On June 11, 1953, he filed a complaint in the Stone County Circuit Court against Mr. and Mrs. J. C. Pearson stating that

Mr. and Mrs. Pearson resided in Cleburne County, Arkansas, but operated a sawmill in Stone County during the year 1951 and perhaps at later dates; that said Pearsons wrongfully and unlawfully entered upon complainant's lands and cut and removed therefrom over 879 virgin pine trees reasonably worth $800, and; that they also cut and removed from said land 131 white oak trees and converted same to their own use, valued at $300. The prayer was for the market value and also, because of the wrongful and unlawful cutting, for triple damages.

Summons was issued by the Clerk of Stone County directed to the Sheriff of Cleburne County and there served upon Mr. and Mrs. Pearson.

On November 16, 1953, Pearsons filed a motion in the Circuit Court of Stone County to quash said summons and service, contending that the action instituted by Foster was transitory, and that they could be sued only in the county where they were served. This motion to quash was, on the same day, granted by the trial judge.

On February 2, 1954, Foster filed an amended and substituted complaint in which was reiterated substantially the same allegations contained in the original complaint but which contained two general additional allegations. In the first part of the amended complaint which deal with the pine and oak trees it was alleged that Pearsons "unlawfully trespassed upon said lands . . . cut roads through and upon said lands, cut and otherwise damaged young trees growing on said lands, and by these and other things and matters greatly injured and damaged said lands." Following the above appears this additional allegation: "That in addition to the damages above described and prayed for, the aforedescribed lands have been damaged by having young growing trees bruised, cut, skinned, and otherwise ruined for future growth by having roads cut through said lands, by having ruts and resulting ditches erode in said lands, from which said lands have been damaged in the amount of $200.00."

The prayer was for judgment in the amount of $4,245 with interest at 6 per cent from date of trespass and for costs.

Again summons was issued and served in the same way as the first summons as heretofore stated, and again Pearsons, without entering their appearance for any other purpose, filed a motion to quash the service of summons. In this motion it was stated ". . . the plaintiff cannot maintain an action against them [Pearsons] both for damages to plaintiff's land by reason of any alleged trespass thereon by defendants, and for treble, or other value of the timber alleged to have been cut, removed and converted by the defendants; that the two actions are separate and distinct, cannot be joined in the same suit as plaintiff has sought to do and that either of said actions when instituted, is a bar to the bringing of the other."

The above motion to quash was overruled by the trial court, and by this petition Pearsons ask this court to prohibit the Circuit Judge of Stone County "from proceeding in any wise or manner against petitioners in said cause, except on that count and allegation in said amended and substituted complaint asking damages to plaintiff's lands, . . ." From this we take it that the petitioners are asking us to restrain the Circuit Judge of Stone County from proceeding further in this cause of action except as to the last portion of the amended complaint referred to above wherein $200 damage to the lands is alleged.

It is conceded by all the parties that if a cause of action similar to this one is based solely upon damage or injury to real property that the cause must be tried in the county where the land is situated, and that service may be had on the defendants in any county of the state; and further that if the complaint states only an action for conversion of timber then the cause must be tried in the county where the defendants reside or in the county where they are served with summons.

The petitioners here make an ingenuous and forceful contention that, except for the last portion of the amended complaint relating to $200 damage to the land, only an action for conversion is stated. The result therefore, petitioners say, is that there is no proper service upon which an action for conversion can be tried in Stone County. The argument then is, citing *Southeast Construction Company* v. *Wood, Judge*, 223 Ark. 325, 265 S. W. 2d 720, and the same style case in 223 Ark. 328, 265 S. W. 2d 722 that Foster cannot pursue both an action for damages to land and for conversion of timber in the same suit, that he must choose between them and that the choice of one excludes the other. From this argument it would seem to necessarily follow that Foster in this instance could only choose to sue for damage to his land since that is the only cause of action in which he has proper service, and that consequently this court should enjoin the trial court from trying the action in conversion.

It is our conclusion that petitioners' position and argument are untenable and that they are based on a false premise. It appears to us that petitioners are assuming that the first portion of the amended complaint states only a cause of action for conversion of timber. In this they are in error. A careful reading of the amended complaint shows, and it is revealed by the portions heretofore set out, that a cause of action for injury to land is clearly stated. Since the trial court ruled that the original complaint stated an action for conversion only it is reasonable to assume that the very purpose of the amended complaint was to change it to an action for injury to land.

It seems to us that petitioners have also fallen into error in their interpretation of the holding in the *Southeast Construction* cases cited above. Those cases did not deal with the duty of a complainant to choose between a cause of action for conversion and a cause of action for injury to land where they are both stated in the same complaint. In fact, as we have just stated, we are here dealing with a complaint [the amended complaint] which

states only a cause of action for damage or injury to land. The cases referred to above merely hold that, before the complaint is filed, the complaining party, in many instances, has an option to file a complaint for conversion or a complaint for injury to land and that he must choose between them. It has been many times recognized by this court that two different causes of action may arise out of the same set of facts in cases of this kind. In the case of *Western Union Telegraph Company* v. *Bush,* 191 Ark. 1085, 89 S. W. 2d 723, 103 A. L. R. 367, this fact was stated in these words: "It does not follow that, because articles may be severed from the soil, the action therefor must be one for damages to real property nor does it follow that because severed articles may be converted a suit for conversion is the only remedy."

Therefore it is clear to us that since Foster, in his amended complaint, stated a cause of action for injury or damage to his lands situated in Stone County the suit could be tried only in Stone County and that consequently proper service was had on the petitioners in Cleburne County. This being true the Circuit Court of Stone County acquired jurisdiction and this court is without authority to restrain him from proceeding in the trial of the case.

Petitioners apparently are disturbed by the prospects of Foster suing for injury to his land and at the same time recovering treble damages for the timber cut and removed therefrom under the provisions of Ark. Stats., § 50-105. Any questions that may rise because of this anticipated procedure are not ones which we are called on to pass upon at this time, nor have they been briefed. Such questions, if they arise, may be properly presented to the trial court.

Writ denied.