The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, Arkansas 71671-9705
Dear Senator Scott:
This is in response to your request for an opinion on the following question:
 Can a Municipal Judge who has voluntarily taken a temporary leave of absence under the authority granted by A.C.A. 16-17-120, still exercise any authority over the affairs of that court, or are his judicial powers severed at the moment of submission of his leave of absence?
The relevant statutory provision, as noted above, is A.C.A.16-17-210, which provides in pertinent part as follows:
 (b) Whenever the judge of a municipal court is to be temporarily absent from the court because of illness or for any other reason, the judge of the court, by order of the court entered prior to the temporary absence of the judge, may appoint a special judge to preside over the court in his absence.
 (c) A special judge . . . appointed by the regular judge of a municipal court shall have the same power and authority in the court as the regular judge would have if present and presiding and shall have the same qualifications as are required by law for the regular municipal judge.
 (d) The authority of a special municipal judge selected pursuant to the provisions of this subchapter shall cease upon . . . the return to the court of the regular judge of the court.
It can thus be seen under the statute that a regular municipal judge taking a temporary leave of absence is to enter an order appointing a special judge, who is to have all the authority and power and the regular judge until the regular judge "returns" to the court.
It has been stated that:
 On the selection of a special or substitute judge, the powers of the regular judge ordinarily are suspended as far as they relate to the case or term which the former has been chosen to try or hold. . . .
48A C.J.S. Judges 176 at page 892.
If the regular municipal judge has entered an order appointing a special judge to preside over the court during a specified period of absence of the regular judge, the special judge is invested by A.C.A. 16-17-210 with all the judicial authority and power of the regular judge during that period. The regular judge's powers are suspended until such time as he returns from his temporary absence. Of course, the appointment of the special judge automatically terminates when the regular judge returns from this absence. Hyllis v. State, 45 Ark. 478 (1885), and A.C.A.16-17-210(d).
While it is clear that the regular judge can return from his temporary absence and resume his or her judicial duties, it is my opinion that the regular judge must actually "return" from the temporary absence in or to do so. If the judge were to return to the bench periodically, to exercise judicial functions, but without the intention to end his temporary absence, it is my opinion that this conduct would constitute an abuse of other provisions of 16-17-210 and would be inconsistent with the powers and authority of the special judge.
The order entered by the regular judge appointing the special judge may be of importance in resolving this question. If the order sets out a specified period of time, (whether conditioned upon a certain date, or the occurrence of an event), during which the special judge is to sit, it is my opinion that the regular judge has no authority to exercise judicial functions during that period. That authority belongs to the special judge. If, however, the regular judge returns to the bench with the intention of ending his temporary absence, (notwithstanding the fact that the stated period has not expired), the appointment of the special judge automatically terminates, and the regular judge may resume his duties. We have not been provided with the order or any particular facts which would aid us in making any specific determinations in this regard. The foregoing should, however, offer general guidance in addressing the issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.